TAX COURT OF NEW JERSEY



Joshua D. Novin
Judge

Washington & Court Streets, 1ˢᵗ Floor
P.O. Box 910
Morristown, New Jersey 07963
Tel: (609) 815-2922, Ext. 54680
Fax: (973) 656-4305

NOT FOR PUBLICATION WITHOUT THE APPROVAL
OF THE TAX COURT COMMITTEE ON OPINIONS

May 31, 2018

David B. Wolfe, Esq.
Barbara A. Schweiger, Esq.
Skoloff & Wolfe, P.C.
293 Eisenhower Parkway
Livingston, New Jersey 07039

Robert F. Renaud, Esq.
Palumbo Renaud & DeAppolonio, LLC
190 North Avenue East
Cranford, New Jersey 07016

Marlene Brown, Senior Deputy Attorney General
Division of Law
R.J. Hughes Justice Complex
25 Market Street
P.O. Box 106
Trenton, New Jersey 08625-0106

> Re:  Gourmet Dining, LLC v. Union Township, et als.
>        Docket Nos. 016504-2013, 012334-2014

Dear Counsel:

This shall constitute the court's opinion with respect to Gourmet Dining, LLC ("Gourmet Dining") and Kean University's motion for reconsideration of the court's March 14, 2018 opinion and Order denying their cross-motion for summary judgment and granting Union Township's motion for summary judgment.

For the reasons expressed herein, the court denies Gourmet Dining and Kean University's motion for reconsideration.

## I.    Procedural History

Gourmet Dining is a restaurant, food service, dining operator, and manager.  During the tax years at issue, Gourmet Dining operated and managed a fine dining restaurant known as Ursino ("Ursino").  Ursino was located in and comprised approximately 7,040 square feet of Kean University's New Jersey Center for Science, Technology, and Mathematics building ("NJCSTM Building").

By letter dated August 27, 2012, Union Township's tax assessor notified Gourmet Dining that it would be issuing a tax bill "for the Ursino Restaurant facility at Kean University."  Relying on N.J.S.A. 54:4-2.3, Union Township's tax assessor maintained that Gourmet Dining was a "lessee" of Kean and therefore, Union Township was "required to assess as taxable real property the portion of Kean University's [NJCSTM] Building used and operated by Gourmet Dining, LLC as the Ursino Restaurant."

Gourmet Dining filed tax appeals challenging Union Township's tax assessor's determination and the 2013 and 2014 tax year assessments.

Union Township subsequently moved before the court seeking entry of an order granting summary judgment, arguing that Gourmet Dining was subject to local property tax under N.J.S.A. 54:4-2.3 and/or N.J.S.A. 54:4-1.10.

In response, Gourmet Dining cross-moved for summary judgment, arguing that Ursino restaurant was exempt from local property tax under N.J.S.A. 54:4-3.3, N.J.S.A. 54:4-3.6, and/or N.J.S.A. 18A:72A-18.

On June 30, 2017, the court entered an Order joining Kean University and the New Jersey Educational Facilities Authority ("NJEFA") as necessary parties to these actions.  The court

2

afforded Kean University and NJEFA the opportunity to submit briefs addressing the substance of Union Township's motion and Gourmet Dining's cross-motion for summary judgment.

On March 14, 2018, the court delivered a written opinion and Order rejecting Gourmet Dining and Kean University's arguments that Ursino restaurant was exempt from local property tax under N.J.S.A. 54:4-3.3, N.J.S.A. 54:4-3.6, or N.J.S.A. 18A:72A-18. Correspondingly, the court granted Union Township's motion for summary judgment, concluding that the portion of the NJCSTM Building occupied, managed, and operated by Gourmet Dining as Ursino restaurant was subject to local property tax under N.J.S.A. 54:4-2.3 and/or N.J.S.A. 54:4-1.10.

On April 3, 2018, Gourmet Dining and Kean University filed the instant motion for reconsideration of the court's March 14, 2018 opinion and Order.

II. **Conclusions of Law**

A. Standard for Reconsideration

A motion for rehearing or reconsideration in the Tax Court is governed by R. 8:10, which states, in part, that:

> The provisions of . . . R. 4:49-2 shall apply to Tax Court matters except that all such motions shall be filed and served not later than 20 days after the conclusions of the court are announced orally or in writing. . .
>
> [R. 8:10.]

R. 4:49-2 requires that any motion for rehearing or reconsideration:

> . . . seeking to alter or amend a judgment or order. . . shall state with specificity the basis on which it is made, including a statement of the matters or controlling decisions which counsel believes the court has overlooked or as to which it has erred. . .
>
> [R. 4:49-2.]

3

Thus, a motion for reconsideration must be supported by "a statement 'of the matters or controlling decisions which counsel believes the Court has overlooked or as to which it has erred.' The basis to such a motion, thus, focuses upon what was before the court in the first instance." Lahue v. Pio Costa, 263 N.J. Super. 575, 598 (App. Div. 1993) (internal citations omitted).

A motion for reconsideration is granted sparingly. Nonetheless, reconsideration "is a matter within the sound discretion of the court, to be exercised in the interest of justice." Cummings v. Bahr, 295 N.J. Super. 374, 384 (App. Div. 1996). However, reconsideration should not be used as a vehicle to reiterate the merits of or "reargue a motion." Capital Fin. Co. of Delaware Valley, Inc. v. Asterbadi, 398 N.J. Super. 299, 310 (App. Div.), certif. denied, 195 N.J. 521 (2008). A motion for reconsideration should be granted "only for those cases which fall into that narrow corridor in which either: (1) the Court has expressed its decision based upon a palpably incorrect or irrational basis, or (2) it is obvious that the Court either did not consider, or failed to appreciate the significance of probative, competent evidence . . ." D'Atria v. D'Atria, 242 N.J. Super. 392, 401 (Ch. Div. 1990). See also Fusco v. Bd. of Educ. of the City of Newark, 349 N.J. Super. 455, 462 (App. Div. 2002). Thus, a motion for reconsideration is not fitting simply because a litigant has expressed dissatisfaction or disagreement with the court's decision, the appropriate setting for such arguments are on appeal. See D'Atria, 242 N.J. Super. at 401.

Although a motion for reconsideration should be narrowly construed, a court may "in the interest[s] of justice" consider any "evidence" that the litigant claims is "new or additional . . . which it could not have provided" during the initial hearing. Id. at 401. However, consideration of such evidence is in the court's "sound discretion." Ibid. "[R]epetitive bites at the apple" should not be tolerated or "the core will swiftly sour." Ibid. Accordingly, a court must "be sensitive and scrupulous in its analysis of the issues" presented under a motion for reconsideration. Id. at 402.

4

B.  Gourmet Dining and Kean University's Arguments

1.  Agent of NJEFA

The focus of Gourmet Dining and Kean University's motion for reconsideration centers on the court's finding that Kean University was not an "agent" of the NJEFA, as such term is construed under N.J.S.A. 18A:72A-18.  Gourmet Dining and Kean University assert that this issue was not contested by Union Township, was not raised by the court prior to its March 14, 2018 opinion, and therefore, was decided without affording the parties an opportunity to address the issue.

However, Gourmet Dining and Kean University's claims are misplaced.  In its May 19, 2015 motion papers, Union Township highlighted the two critical elements in order to qualify for exemption under N.J.S.A. 18A:72A-18.  First, that no taxes will be due with respect to a "project" of the NJEFA; and secondly, that the property must be actually "used by the authority or its agent" in furtherance of the delineated purposes under the New Jersey educational authority facilities law, N.J.S.A. 18A:72A-2 to -83.  Union Township asserted both in its opposition brief, and during oral argument, that Ursino restaurant was neither a "project" of the NJEFA, as contemplated under N.J.S.A. 18A:72A-18, nor was it being operated by Gourmet Dining, in furtherance of the expressed statutory goals, as a dining hall, student union, or food-service establishment for the students, administrators, and faculty of Kean University.

Moreover, the court highlighted in its June 27, 2017 opinion, that "plaintiff asserts, in part, entitlement to an exemption under N.J.S.A. 18A:72A-18, as Ursino was a 'project' of NJEFA and that Kean University Foundation and Gourmet Dining serve as agents of NJEFA." (emphasis added).  The court emphasized that if it accepted Gourmet Dining's argument that "Kean University Foundation or Gourmet Dining are agents of NJEFA . . . NJEFA must be joined as an

5

indispensable party in this action to be afforded the opportunity to be heard on this issue." Thus, in joining Kean University and NJEFA as parties to these actions, the court underscored one of the principle issues in this matter, the alleged principal-agent relationship between NJEFA, Kean University, Kean University Foundation, Inc. and Gourmet Dining, and invited the parties to address this issue.[1]

Additionally, the specter of the principal-agent relationship between Gourmet Dining, Kean University Foundation, Inc., Kean University, and the NJEFA was again raised by the court during oral argument. In response to the court's query, NJEFA submitted that it does not consider Gourmet Dining, Kean University, or Kean University Foundation, Inc. as "agents" of the NJEFA. NJEFA stressed that it was not a party to any agreement or arrangement with Gourmet Dining and/or Kean University Foundation, Inc. that would give rise to an agency relationship. Moreover, NJEFA expressed that no principal-agent relationship exists with Kean University, rather Kean University is an entity independent, separate, and distinct from the NJEFA. Although Gourmet Dining and Kean University disputed, and continue to dispute such interpretation, neither Gourmet Dining, nor Kean University offered, or furnish with this motion for reconsideration, any writing, document, or agreement between NJEFA, Gourmet Dining, Kean University Foundation, Inc., and Kean University that the court has not already reviewed, analyzed, and rejected.

Thus, contrary to the arguments espoused by Gourmet Dining and Kean University, the parties were afforded an opportunity to be heard and to offer argument whether Gourmet Dining

---

[1] The record in this matter disclosed what amounts to three lease agreements: (1) a December 1, 2005 Lease and Agreement between NJEFA and Kean University Board of Trustees; (2) a October 19, 2011 Management Agreement between Kean University and Kean University Foundation, Inc. affording Kean University Foundation, Inc. the "exclusive right to operate, manage and control" the Ursino property; and (3) a October 19, 2011 Management Subcontract Agreement between Kean University Foundation, Inc. and Gourmet Dining for the Ursino property.

and/or Kean University were "agents" of the NJEFA, as such term is contemplated under N.J.S.A. 18A:72A-18. Moreover, the court thoroughly reviewed the documents, agreements, and certifications submitted in support of, and in opposition to, the motions for summary judgment, concluding that no principal-agent relationship existed between Kean University and NJEFA.[2]

In their motion for reconsideration Gourmet Dining and Kean University highlight Sections 11.02 and 12.02 of the Lease and Agreement, arguing that they should be read as "creat[ing] an agency relationship" and as "akin to a limited power of attorney." These are two of the provisions considered and analyzed by the court in its March 14, 2018 opinion. The court's rationale and basis for rejecting these provisions, as evidence of an express or implied principal-agent relationship, is detailed in the court's March 14, 2018 opinion and need not be recited again herein.

Gourmet Dining and Kean University further assert that evidence of a principal-agent relationship existed under Sections 2.02 and 2.03 of the Lease and Agreement, which authorized construction, development, and equipping of the NJCSTM Building, and permitted Kean University to establish reasonable rules and regulations for its use. However, these provisions exhibit the landlord-tenancy relationship that exists between NJEFA and Kean University under the Lease and Agreement, not a principal-agent relationship. The Lease and Agreement vests Kean University with the ability to exclusively use, possess, and enjoy the land and NJCSTM Building, subject to the terms and limitations expressly set forth under the Lease and Agreement. Specifically, Sections 2.02 and 2.03 of the Lease and Agreement contain affirmative covenants regarding NJEFA's use of the bond funds and Kean University's use of the subject property. Contrary to Gourmet Dining and Kean University's assertions, Sections 2.02 and 2.03 of the Lease

---

[2] During oral argument Kean University acknowledged that no other writing, contract, or agreement existed evidencing the relationship between NJEFA and Kean University, other than the Lease and Agreement dated December 1, 2005.

7

and Agreement do not expressly or impliedly authorize Kean University to do or perform any act on behalf of NJEFA. A principal-agent relationship is established when one person or entity either expressly or impliedly authorizes another to act on its behalf. In order for that agency relationship to be created, a party must consent to have another act on its behalf. See Sears Mortgage Corp. v. Rose, 134 N.J. 326, 337 (1993). Sections 2.02 and 2.03 of the Lease and Agreement do not create a principal-agent relationship.

In sum, Gourmet Dining and Kean University offer no new or additional facts or evidence of the relationship that existed between Kean University and NJEFA. Moreover, they have not proffered any law or authority that they believe the court failed to weigh and consider in this matter. Rather, they highlight a few sentences of a comprehensive 38 page Lease and Agreement, arguing that the court should have read those sentences differently, to infer a principal-agent relationship. As stated above, arguments expressing disagreement with the court's conclusions are not fitting for a motion for reconsideration, the appropriate setting for such arguments are on appeal. See D'Atria, 242 N.J. Super. at 401.

2. New Jersey educational facilities authority law

Gourmet Dining and Kean University further contend that the court misinterpreted two provisions of the New Jersey educational facilities authority law, N.J.S.A. 18A:72A-5 and N.J.S.A. 18A:72A-27.1.

Gourmet Dining and Kean University argue that N.J.S.A. 18A:72A-5 permits the NJEFA to designate a "participating college" as its agent. However, they have offered no agreement, writing, or document demonstrating that NJEFA exercised the right expressly afforded it under the New Jersey educational facilities authority law, and appointed or designated Kean University its agent under N.J.S.A. 18A:72A-5. Although our Legislature afforded the NJEFA the broad

8

"power" or authority under N.J.S.A. 18A:72A-5 to designate a "participating college" as its agent, the power is discretionary, not mandatory.

Moreover, the New Jersey educational facilities authority law defines a "participating college" as "a public institution of higher education or private college which, pursuant to the provisions of this chapter, participates with the authority in undertaking the financing and construction or acquisition of a project." N.J.S.A. 18A:72A-3 (emphasis added). Therefore, the purpose of designating a "participating college" is not necessarily synonymous with that of a principal-agent relationship. To the contrary, the law exhibits our Legislature's intent to keep the "participating college" separate and independent from the NJEFA, stating that a participating college only "participates with the authority," rather than expressly affording the participating college the authority to act on behalf of the NJEFA.

Finally, to permit the financing and refinancing of the indebtedness for the construction and improvement of dormitories, our Legislature empowered the board of trustees of State colleges: (a) to sell and convey to the NJEFA title to the land on which dormitories are located; (b) to lease to the NJEFA the land on which dormitories are located for a term not exceeding 50 years; (c) the power to lease or sublease any dormitories leased from NJEFA; (d) upon notice of any assignment by NJEFA of any lease or sublease, to recognize and give effect to such assignment and to pay the assignee the rent due thereon. N.J.S.A. 18A:72A-26.

Our Legislature further expanded the authority of the board of trustees of State colleges to:

> in relation to any conveyance, lease or sublease made under subsection a., b., or c. of section [N.J.S.A.] 18A:72A-26, with respect to revenue producing facilities . . . structures of facilities which produce revenues sufficient to pay the rentals due and to become due under any lease or sublease made under subsection c. of section [N.J.S.A.] 18A:72A:26 including, without limitation, student unions and parking facilities.

9

[N.J.S.A. 18A:72A-27.1.]

Thus, Gourmet Dining and Kean University argue that the court too narrowly construed the statute to contemplate an "educational facility" producing revenue. Gourmet Dining and Kean University assert that the umbrella of the exemption afforded under N.J.S.A. 18A:72A-18 to a "project," extends to all uses and operations conducted in that project, including Ursino restaurant. In essence, Gourmet Dining and Kean University maintain that the court should have taken a more expansive view of N.J.S.A. 18A:72A-27.1, to include all non-educational facilities which produce revenue, such as Ursino restaurant.

A "project" of the NJEFA is defined by our Legislature as "a dormitory or an educational facility or any combination thereof." N.J.S.A. 18A:72A-3. Moreover, an "Educational facility" is defined as:

> a structure suitable for use as a dormitory, dining hall, student union, administration building, academic building, library, laboratory, research facility, classroom, athletic facility, health care facility, teaching hospital, and parking maintenance storage or utility facility and other structures or facilities related thereto or required or useful for the instruction of students or the conducting of research or the operation of an institution for higher education . . . and the necessary and usual attendant and related facilities and equipment . . .

[N.J.S.A. 18A:72A-3 (emphasis added).]

Here, the court concluded that the NJCSTM Building was an "educational facility" and therefore, a "project" of the NJEFA under N.J.S.A. 18A:72A-3. The next step in the court's analysis required focusing on use and consideration whether Gourmet Dining and Kean University were agents of the NJEFA under N.J.S.A. 18A:72A-18. The statute, plainly written, provides that NJEFA and its agents shall not be "required to pay any taxes or assessments upon or in respect of a project or any property acquired or used by the [NJEFA] or its agent under the provisions of this

chapter." N.J.S.A. 18A:72A-18. As recited above, the court concluded that neither Gourmet Dining, nor Kean University were agents of the NJEFA. Accordingly, the court concluded that the exemption afforded under N.J.S.A. 18A:72A-18 was not applicable.

The court observed, in its March 14, 2018 opinion, that "the operation of dining halls, cafeterias, and other food-service establishments for enrolled students, administrators, and faculty is an appropriate purpose for a public university or college." Thus, to the extent that Kean University or Gourmet Dining could possibly be viewed as agents of the NJEFA, the court examined whether Gourmet Dining's use of the property constituted a dining hall, student union, or facility required for "the operation of an institution for higher education." N.J.S.A. 18A:72A-3. In rejecting Gourmet Dining and Kean University's arguments, the court found that Ursino restaurant did not constitute a dining hall, student union, cafeteria, or food-service establishment necessary and attendant "for the instruction of students or the conducting of research or the operation of an institution for higher education." N.J.S.A. 18A:72A-3. The court found no reason to so broadly read N.J.S.A. 18A:72A-18 and N.J.S.A. 18A:72A-3 to extend the exemption to non-educational facility uses which were not contemplated under the New Jersey educational facilities authority law.

Moreover, Gourmet Dining and Kean University's argument here presupposes that the use and operation of Ursino restaurant is "for the benefit of the people of this state," will result in "the improvement of their health and living conditions" and constitutes "the performance of an essential public function" as expressly required under N.J.S.A. 18A:72A-18. The court found a lack of support for Gourmet Dining and Kean University's arguments that Ursino restaurant served public purposes, was used for a public purpose, or was designed to foster Kean University's academic or environmental stewardship programs. Accordingly, the court concluded that neither Gourmet

11

Dining, nor Kean University should be entitled to a local property tax exemption under N.J.S.A. 18A:72A-18.

Thus, Gourmet Dining and Kean University have not demonstrated that "(1) the Court has expressed its decision based upon a palpably incorrect or irrational basis, or (2) it is obvious that the Court either did not consider, or failed to appreciate the significance of probative, competent evidence . . ." D'Atria v. D'Atria, 242 N.J. Super. 392, 401 (Ch. Div. 1990). No statutory authority or "controlling decisions" have been offered which they "believe[] the court has overlooked or as to which it has erred" under R. 4:49-2.

### III.  Conclusion

For the above stated reasons, the court denies Gourmet Dining and Kean University's motion for reconsideration of the court's March 14, 2018 opinion and Order denying their cross-motion for summary judgment and granting Union Township's motion for summary judgment. The court will issue an Order memorializing this opinion.

Very truly yours,


Hon. Joshua D. Novin, J.T.C.

12